

October 21, 2020

<u>Via E-mail: Christopher.Simpson@stinson.com</u>
Christopher C. Simpson
Stinson LLP
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004

  Re: *Cales & Fitzgerald, PLLC fka Fitzgerald/Cales, PLLC*
     *Chapter 11 Bankruptcy – Case No. 2:20-bk-10911*

Dear Chris:

  Thank you for taking the time to discuss this matter the other day. We have consulted with our clients and can provide the following settlement proposal. Please note that this settlement proposal requires mutual releases between our clients, the bankruptcy estate, Lane Fitzgerald and his wife Lina, and secured creditor Byline Bank.

  Before presenting the settlement, we would like to explain the reasoning behind the proposal. As you know, there have been substantial discussions in the past regarding resolution of the Superior Court matter which have not been fruitful. Our clients believe, and we agree, that any settlement must be based upon a recessionary theory based upon objective criteria. Both neutrals that were utilized by the parties in the Superior Court action (Rick Friedlander and the Honorable Timothy Thomason) agreed with this approach.

  With this being said, we are authorized to offer the sum of $439,000 to resolve all matters relating to the bankruptcy estate and for the releases identified above. As we generally discussed, this figure is a product of the total purchase price paid by the debtor for the law practice and real property set forth in the Asset Purchase Agreement and Real Estate Purchase Agreement, copies of which you have been provided.

  The settlement figure was derived by starting with the total purchase price under the terms of the Asset Purchase Agreement and Release Estate Purchase Agreement ($1,140,000). From this amount we subtracted $440,000 (the value placed on the real property by the parties which now has been valued at no less than $460,000 and which is the subject

of lift stay proceeding filed by Byline Bank) and our client's carryback note in the amount of $171,000. Taking the $440,000 and the $171,000 carryback note and subtracting both of those figures from $1,140,000 total purchase price leaves $529,000.

From the $529,000 we subtracted the value of the furniture, fixtures and equipment ("FF&E") which was valued by the parties at $60,500 and which remains an asset of the bankruptcy estate. Additionally, we have subtracted $29,763 based upon an offset identified in our client's expert Don Bays' report, a copy of which you have been provided.

The net number, after taking all noted deductions comes to $438,737. This is the figure upon which our $439,000 settlement proposal is based.

Please let either Alan or I know if you have any questions regarding this offer or would like to discuss it in further detail. We do appreciate your time and efforts in this matter and remain hopeful that a resolution can be reached.

Very truly yours,

Edwin D. Fleming

EDF:cm

cc: Gloria Cales
    A. Abraham
    A. Meda