Christopher C. Simpson (018626)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
christopher.simpson@stinson.com

*Subchapter V Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings under Chapter 11 |
|---|---|
| CALES & FITZGERALD PLLC, | Case No 2:20-bk-10911-DPC |
| Debtor. | **SUBCHAPTER V TRUSTEE'S STATEMENT OF POSITION IN ADVANCE OF JANUARY 4, 2021 STATUS HEARING** |

The Subchapter V Trustee, after review of the Debtor's *Subchapter V Small Business Plan of Reorganization*[1] *dated December 28, 2020,* filed at Docket No. 93 (the "Plan"), file his statement of position in advance of the January 4, 2021, status hearing.[2] The Debtor's Plan represents a highly speculative gamble for the sole benefit of Lane Fitzgerald. As the Court and the parties are well aware, Ms. Cales has made an offer to the estate to settle state court litigation for the substantial sum of $439,000. This was Ms. Cales first offer communicated to the Subchapter V Trustee. To date, Mr. Fitzgerald has failed to counter or engage in settlement discussions.

---

[1] It is worth noting that the Debtor's Plan is not a plan of reorganization, but instead a plan of liquidation. Without an office or an attorney licensed in Arizona, the Debtor lacks any viable prospects of reorganization as a going concern.

[2] This Statement of Position raises only a few areas of objection applicable to the Plan. The Subchapter V Trustee fully reserves all rights to file a formal Plan objection stating further additional grounds for objection.

After weeks of promising to provide **"cash contributions from a third party (Lane Fitzgerald in this instance) in an effort to make sure each and every allowed general unsecured claim is paid in full**,"[3] Mr. Fitzgerald fails to commit any hard capital for the protection of creditors or even address accruing administrative claims. Further, Mr. Fitzgerald's personal financial statement attached to the Plan now demonstrates that Lane Fitzgerald lacks the financial resources to protect the creditors of the estate in the event his litigation gamble turns against the estate. The Debtor's speculative Plan fails to protect creditors and fails to satisfy the heightened "reasonable likelihood" feasibility requirement under §1191(c)(3)(A)(ii).

I. ARGUMENT

A. The Pending Motion to Convert.

A *Motion to Convert to Chapter 7 Case* is pending in this case. *See*, DE 62. 11 U.S.C. § 1112(b), mandates that the court shall convert or dismiss a Chapter 11 case, whichever is in the best interests of creditors and the estate, if the movant establishes "cause" absent unusual circumstances. The purpose of the "for cause" provision in § 1112(b) of the Bankruptcy Code is to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation. *In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51, 57 (B.A.P. 6th Cir. 2013). In this context the Debtor's prospects of success as embodied by the Debtor's Plan are highly relevant. Once cause is established, if the Debtor's Plan fails on its face to meet the requirements of confirmation, then no confirmable plan is in prospect as required by 11 U.S.C. § 1112(b)(2)(A) and the case must be converted.

The Debtor as the plan proponent under Subchapter V has the burden of proving that each and every applicable element of 11 U.S.C. § 1129(a) has been satisfied. *In re Ambanc La Mesa L. P.*, 115 F.3d 650 (9th Cir. 1997). "The burden of proposing a plan that satisfies the requirements of the Code always falls on the party proposing it, but it

---

[3] *See*, Response to Motion to Convert to Chapter 7 Case, DE #8, Page 5, lines 21-23.

falls particularly heavily on the debtor-in-possession or trustee since they stand in a fiduciary relationship to the estate's creditors." *In re Perez*, 30 F.3d 1209, 1214 n.5 (9th Cir. 1994). A bankruptcy court may only confirm a plan if, in addition to other requirements, "the plan complies with the applicable provision[s] of Title 11." *Id.* at 1213 (9th Cir. 1994).

The bankruptcy court has "a mandatory independent duty to determine whether the plan has met all of the requirements necessary for confirmation." *In re Williams*, 850 F.2d 250, 253 (5th Cir. 1988). *See In re Ives*, 289 B.R. 726, 728 (Bankr. D. Ariz. 2003) (The bankruptcy court "has a responsibility to ensure plan compliance with the Bankruptcy Code even in the absence of objection."); *see also In re Tucson Properties Corp.*, 193 B.R. 292, 299 (Bankr. D. Ariz. 1995) (dismissing a debtor's bankruptcy petition, in part under Section 1129(a)(1), because of the debtor's failure to propose a confirmable plan).

**B. The Debtor's Litigation gamble and Mr. Fitzgerald's refusal and inability to commit sufficient resources to the Estate, demonstrates that the Proposed Plan is not Feasible under § 1129(a)(11) or as that Standard is Modified by §1191(c)(3)(A)(ii).**

A condition to the confirmation of a plan is the finding that it is feasible under 11 U.S.C. § 1129(a)(11). Feasibility contemplates "the probability of actual performance of the provisions of the plan." *In re Hoffman*, 52 B.R. 212, 215 (Bankr. D. N.D. 1985). The purpose of the feasibility test is to protect against visionary or speculative plans. As noted by the Ninth Circuit:

> The purpose of section 1129(a)(11) is to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation.

*In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985); 7 Collier on Bankruptcy ¶1129.02[11] (16th ed. 2014).

Further, assuming confirmation under § 1191(b), § 1191(c)(3)(A) requires that the debtor will be able to make all payments under the plan, or that there is a reasonable likelihood that the debtor will be able to make all payments under the plan. § 1191(c)(3)(A)(ii).

In this case, Mr. Fitzgerald unreasonably speculates that the Debtor will hit a home run in its litigation against Ms. Cales, securing a judgement in excess of the settlement and additional accruing costs of litigation. Mr. Fitzgerald further assumes that any final judgement will be collectable. Given Mr. Fitzgerald's continuing inability to practice law in Arizona, the Debtor's proof of damages claims against Ms. Cales as asserted in the state court litigation fails the reasonable likelihood standard.

The Debtor's Plan is nothing more than a speculative scheme designed to benefit insider Lane Fitzgerald. The current settlement offer would greatly benefit estate creditors, but lacks any surplus windfall to Mr. Fitzgerald personally. Mr. Fitzgerald has every incentive to "roll the dice" with the estate's settlement in pursuant of an unrealistic return that would put him in the money personally. If Mr. Fitzgerald wishes to gamble with the estate's recovery, he merely needs to backstop the amount of the settlement by contributing his personal funds to the estate. Unfortunately, Mr. Fitzgerald has now demonstrated that such a backstop is beyond his limited means. As stated, Ms. Cales has made a settlement offer to the estate of $439,000. Mr. Fitzgerald's Personal Financial Statement attached to the Plan demonstrates that Mr. Fitzgerald is insolvent. Lane Fitzgerald's total assets (including retirement funds) total a mere $270,000, substantially less than the $439,000 settlement offer. Further, Lane Fitzgerald is indebted to Byline Bank for well in excess of $500,000 pursuant to his guaranty. Lane Fitzgerald is insolvent and cannot backstop his intended speculative gamble. The Debtor cannot satisfy the feasibility requirement under 11 U.S.C. § 1129(a)(11) or the reasonable likelihood standard of §1191(c)(3)(A)(ii). The Debtor's Plan is not confirmable because it cannot satisfy the feasibility requirements under either § 1191(a)

or § 1191(b). There is no reasonable likelihood that the current Plan will be confirmed.

**C. The Plan is Not Fair and Equitable Under § 1191(b).**

In order to satisfy the fair and equitable standard for confirmation under § 1191(b), § 1191(c)(3)(A) requires that the Debtor will be able to make all the payments under the Plan or that there is a reasonable likelihood that the Debtor will be able to make all payments under the Plan. In the instance case the Debtor cannot demonstrate that there is a reasonable likelihood that the Debtor will be able to make the payments required under the Plan. It is clear that creditor Cales will object to confirmation. Assuming confirmation is pursued pursuant to § 1191(b), the plan cannot satisfy the fair and equitable standard and a confirmable plan is not in prospect.

**D. The Plan Fails to Provide a Remedy to Protect Creditors Pursuant to § 1191(c)(3)(B).**

Section 1191(c)(3)(B) requires that the plan provide appropriate remedies to protect the holders of claims if the debtor does not make the required plan payments. Without a substantial contribution from Mr. Fitzgerald in advance of confirmation, the Plan fails to provide any remedy to protect creditors as require by § 1191(c)(3)(B).

**E. The Plan Fails to Provide for the Payment of Administrative Claims**.

In the event of a non-consensual confirmation under § 1191(b), § 1191(e) permits a plan to provide for the payment of administrative expenses through a plan. In any event, under either § 1191(a) or (b), administrative expenses still must be paid at confirmation or provided for under the plan in order to satisfy the confirmation requirement of § 1129(a)(9)(A). The Plan fails to provide sufficient funds to pay the administrative claims of the Subchapter V Trustee. The Plan proposes a mere $5,000 for payment of administrative claims of the Subchapter V Trustee under the Plan. On November 12, 2020, the Subchapter V Trustee filed a notice of accruing administrative claims in the then amount of $22,810.50. The Plan fails to satisfy the requirements of § 1129(a)(9)(A) and a confirmable plan is not in prospect.

CORE/3519358.0006/164070234.1
Case 2:20-bk-10911-DPC    Doc 95    Filed 01/02/21    Entered 01/02/21 11:35:53    Desc
Main Document    Page 5 of 7

### F. The Plan Fails to Meet the "Best Interests of Creditors" Test.

To state this matter in in the simplest of terms, under the Debtor's Plan every creditor is impaired because the speculative scheme shackles each creditor, even the secured creditor, with a substantial likelihood of nonpayment. Further, the Debtor's dubious liquidation value consisting primarily of "unknown" values must be rejected. The Debtor's Liquidation Value fails to demonstrate that the estate would recover more under the Plan. The Plan fails to satisfy the requirements of § 1129(a)(7).

### G. Additional Matters Relevant to the Continued Status Hearing.

As previously set forth in more detail in the Subchapter V Trustee's *Report Regarding Disputed Names on Master Mailing List and Continued Chapter 11 Status Conference* (DE # 68), the Debtor has failed to provide its most recent tax return or otherwise comply with the requirements of 11 U.S.C. §1187 incorporating §1116(1). Prior to the initial debtor interview ("**IDI**") the Office of the United States Trustee sent Debtor's counsel standard communications requesting documentation in advance of the initial interview including tax returns. In addition, on October 2, 2020 the Subchapter V Trustee sent a letter to Debtor's counsel requesting the Debtor's most recent tax return. Although the Debtor subsequently indicated that the Debtor's income is reported on the tax returns of an entity by the name of Legal Management Services, no information concerning that return has been provided. Given the Debtor's lack of compliance, it appears that the Subchapter V Trustee will be forced to pursue discovery under rule 2004 at additional costs to the estate.

RESPECTFULLY SUBMITTED this 2nd day of January, 2021.

**STINSON LLP**

/s/ Christopher C. Simpson
Christopher C. Simpson
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

*Subchapter V Trustee*

| | |
|---|---|
| 1 | I hereby certify that on January 2, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a |
| 2 | Notice of Electronic Filing to all CM/ECF registrants. |
| 3 | |
| 4 | /s/ Lindsay Petrowski |